IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EMORY & MYASIA HUGHLEY**<br>6709 Kipling Parkway<br>District Heights, Maryland 20747<br><br>    Plaintiffs<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>Serve:  Rod J. Rosenstein<br>         U.S. Attorney for the<br>         District of Maryland<br>         36 S. Charles Street, 4th Floor<br>         Baltimore, Maryland 21201<br><br>and<br><br>**JAMES B. COMEY**<br>*Individually and in his Official Capacity as Director of the Federal Bureau of Investigation*<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>and<br><br>**ROBERT S. MUELLER**<br>*Individually and in his Official Capacity as Former Director of the Federal Bureau of Investigation*<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>and<br><br>**CHRISTOPHER M. RAY**<br>*Individually and in his Official Capacity as a Special Agent of the Federal Bureau of Investigation*<br>601 4th Street, NW | ***Jury Trial Demanded***<br><br><br><br>Civil Case No.:_____ |

Washington, DC 20535

and

**STEVE GORDON**
*Individually and in his Official Capacity as a Special Agent of the Federal Bureau of Investigation*
601 4th Street, NW
Washington, DC 20535

and

**MATT PERRY**
*Individually and in his Official Capacity as a Special Agent of the Federal Bureau of Investigation*
601 4th Street, NW
Washington, DC 20535

Defendants

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiffs Emory and Myasia Hughley, by and through their attorneys, Cary J. Hansel, and the law firm of Hansel Law, PC, and sue Defendants, the Federal Bureau of Investigation, Director James B. Comey, former Director Robert S. Mueller, Special Agent Christopher M. Ray, Special Agent Steve Gordon, and Special Agent Matt Perry, and as cause therefor state the following:

### INTRODUCTION

1. This action is brought pursuant to, *inter alia*, the Fourth and Fourteenth Amendments to the Constitution, *Bivens*, the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

### JURISDICTION AND VENUE

2. This action arises under *inter alia* the U.S. Constitution and laws of the United States and the State of Maryland including the Fourth and Fourteenth Amendments to the United

States Constitution. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events giving rise to this action occurred in Prince George's County, Maryland.

4. Plaintiff timely mailed a Federal Tort Claims Act ("FTCA") notice on or about May 15, 2013. Later, the FBI confirmed receipt of said notice on May 21, 2013.

5. The FBI responded to Plaintiff's notice on or about March 13, 2014.

6. Pursuant to 28 U.S.C.A. § 2675, the FBI's response was due within six months of receipt. The FBI's response was received nearly ten months later. Accordingly, Plaintiff is authorized to institute an action for money damages. *See* 28 U.S.C.A. § 2675 (West).

7. The instant action is filed prior to a final determination of the FTCA claim and is, thus, timely.

## PARTIES

8. Plaintiffs Emory and Myasia Hughley, the aggrieved parties in this suit, are, and were at all times relevant to the occurrence complained of herein, citizens of the United States of America and residents of Prince George's County in the State of Maryland.

9. The Federal Bureau of Investigation ("FBI") is a federal law enforcement agency operating under the auspices of the U.S. Department of Justice.

10. Defendant James B. Comey is the current Director of the Federal Bureau of Investigation and is sued in his official and individual capacities.

11. Defendant Robert S. Mueller is the former Director of the Federal Bureau of Investigation and is sued in his official and individual capacities.

12.     Defendant Special Agent Christopher M. Ray ("Special Agent Ray") is, and was at all times relevant to the occurrence complained of herein, a citizen of the United States and a resident of the State of Maryland.  Special Agent Ray was employed by the FBI as a special agent, and at all times relevant hereto was acting in his individual capacity and/or in his official capacity as a FBI Special Agent.  At all times relevant he was employed and engaged in an occupation with the FBI.  As such, he was acting under the authority and color of federal and state law at all times relevant hereto.

13.     Defendant Special Agent Steve Gordon ("Special Agent Gordon") is, and was at all times relevant to the occurrence complained of herein, a citizen of the United States and a resident of the State of Maryland.  Special Agent Ray was employed by the FBI as a special agent, and at all times relevant hereto was acting in his individual capacity and/or in his official capacity as a FBI Special Agent.  At all times relevant he was employed and engaged in an occupation with the FBI.  As such, he was acting under the authority and color of federal and state law at all times relevant hereto.

14.     Defendant Special Agent Matt Perry ("Special Agent Perry") is, and was at all times relevant to the occurrence complained of herein, a citizen of the United States and a resident of the State of Maryland.  Special Agent Ray was employed by the FBI as a special agent, and at all times relevant hereto was acting in his individual capacity and/or in his official capacity as a FBI Special Agent.  At all times relevant he was employed and engaged in an occupation with the FBI.  As such, he was acting under the authority and color of federal and state law at all times relevant hereto.

15.     Defendant United States is sued under the Federal Tort Claims Act, 28 U.S.C. § 1346, for the tortious acts of its employees.

16. At all times pertinent mentioned herein, all of the Defendants are sued in both their individual and official capacities and were acting within the scope of their official duties and employment under the color of federal and state law.

17. All other unidentified FBI Special Agents whose conduct is referred to herein were at all times relevant hereto employed by the FBI as Special Agents, acting in their official capacities as FBI Special Agents.

## FACTS COMMON TO ALL COUNTS

1. On or about November 14, 2012, at approximately 6:00 a.m., the Hughley family home was raided by federal law enforcement agents, even though none of the residents of the house were armed and none of the residents resisted. At least ten bullets and one flash grenade were fired into the home by Defendant Special Agents.

2. The Hughleys live in a single family home at 6709 Kipling Parkway, District Heights, Maryland 20747.

3. Emory Hughley is an honorably discharged veteran.

4. In the early morning of November 14, 2012, Emory and Myasia Hughley, Emory's daughter, heard loud banging at the front door of their home.

5. As Emory approached the front door, it was knocked off of its hinges without warning by a battering ram.

6. Emory found himself immediately face-to-face with FBI special agents, armed with assault rifles.

7. Plaintiffs would later discovered that these FBI special agents were Christopher Ray, Steven Gordon, and Matt Perry.

8. Almost immediately after knocking the door down, one of the special agents called out, "she's got a gun."

9. Myasia was unarmed.

10. The special agents knew, or should have known, that Myasia was unarmed, as she was clearly visible to the special agents. Furthermore, the sun was up and the agents had flashlights directly pointed inside the house, at Emory and Myasia.

11. The special agents had no reason to believe that Myasia was armed.

12. Without any further warning, the special agents opened fire at Emory at Myasia, firing at least 10 rounds at them.

13. Emory, in reliance of his military training, grabbed his daughter, Myasia, and threw her to the ground.

14. Emory and Myasia were both scared for their lives.

15. Despite Emory and Myasia's efforts to avoid the gun fire, Myasia was struck in the neck by a bullet or shrapnel caused by a bullet.

16. Emory also was injured when he dove for cover to avoid the bullets.

17. After the gunfire, the special agents fired a flashbang grenade into the house.

18. A flashbang grenade is a non-lethal explosive device designed to temporarily disorient, deafen, and blind.

19. The flashbang grenade further caused injury to Plaintiffs.

20. After the flashbang, the special agents entered the house and placed Emory and Myasia in handcuffs and held them against their wills.

21. After placing the Hughleys in handcuffs and under arrest, the special agents thoroughly ransacked Plaintiffs' home.

22. Later, Emory was transported to the Prince George's County police station in Palmer Park and was questioned.

23. Eventually, Emory was released after being questioned.

24. The Hughleys were not arrested, and no charges were brought against any member of the family.

25. Apparently, Emory Hughley's sole "transgression" was selling a van to an individual who had later used the van for criminal activity.

26. Emory sold the van before it was used for any criminal activity.

27. Emory sold the van not knowing that the van would later be used for criminal activity.

28. Emory was unaware that the van was later used for criminal activity.

29. The special agents found no contraband or evidence of criminal activity after searching Plaintiffs' home.

30. No charges were brought against Plaintiffs.

31. Throughout the entire ordeal, Plaintiffs were terrified for their safety and lives.

32. As a result of the Defendants' actions, Plaintiffs have suffered, and continues to suffer, mental anguish, emotional pain and suffering, and financial loss.

33. Defendants' actions were outrageous and beyond the bounds of decency.

34. Defendants' acts abused their power and were used to oppress Plaintiffs.

35. Defendants' acts were a foreseeable cause of the injuries sustained by Plaintiffs.

36. At all times relevant hereto, Defendants subjected Plaintiffs to the deprivation of rights with actual or implied malice, in an unreasonable and unnecessary fashion.

37. Defendants' acts shocked the conscience and amount to an inhumane abuse of power, thereby subjecting Plaintiffs to a deprivation of his rights and privileges as secured by the U.S. Constitution.

38. At all times relevant to the allegations in this Complaint, Defendants acted or failed to act under the color of law.

39. At all times relevant hereto, Defendants acted without legal justification or excuse.

40. At all times relevant hereto, Defendants acted with an evil and rancorous motive, influenced by hate, the purpose being to deliberately and willfully injure Plaintiffs.

41. At all times relevant hereto, Defendants acted deliberately, with ill will, improper motive, and actual malice.

42. At all times relevant hereto, Defendants acted under color and pretense of law, and under color of statutes, customs, and usages of the United States.

43. At all times relevant hereto, Special Agents Christopher Ray, Steve Gordon, and Matt Perry acted within the scope of their employment as FBI Special Agents. Defendant United States is therefore vicariously liable for the tortious conduct of its Special Agents.

44. Defendants and/or any other unnamed officers committed each of the acts knowingly, intentionally, and maliciously. As a result, Plaintiffs are entitled to an award of compensatory and punitive damages.

45. In the alternative, at all times relevant hereto, Defendants acted with negligence and/or gross negligence in violation of the lawful duties owed Plaintiffs.

46. At no time did Plaintiffs cause or contribute to his injuries.

47. As a direct and proximate result of the aforesaid conduct, actions, and inactions of Defendants, as well as those stated elsewhere herein, Plaintiffs were caused to suffer and continues to suffer physical pain and mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, loss of society, shame, and loss of enjoyment of life. Plaintiffs were caused to suffer and continues to suffer from economic damages, including, but not limited to, lost time and wages from work, lost earning capacity, tuition expenses, and medical bills, all to his great detriment.

48. As a direct and proximate result of Defendants' unconstitutional acts, Plaintiffs suffered humiliation and extreme mental and post-traumatic emotional distress.

49. As a further proximate result of Defendants' unconstitutional acts, Plaintiffs incurred expenses, and lost income as a result of his inability to transact his usual business.

50. Plaintiffs further allege that all of their injuries, losses and damages – past, present, and prospective – were caused solely by the actions of Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of Plaintiff, either directly or indirectly.

## COUNT I
**(Violation of the 4th Amendment, Excessive Force – *Bivens* – as against all Defendants)**

51. Plaintiffs adopt and incorporate by reference each and every allegation contained elsewhere herein verbatim with the same effect as if herein fully set forth.

52. Plaintiffs have, and at all relevant times had, a legitimate claim of entitlement to the rights in question under the United States Constitution.

53. At all times relevant to this matter, Defendants acted under color of law.

54. Plaintiffs were in fear of their safety and life as a result of Defendants' acts.

55. A reasonable person in Plaintiffs' position would not have believed that he was able to the leave the encounter.

56. This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment to the United States Constitution.

57. Defendants deprived Plaintiffs of rights and privileges secured by the Constitution and laws of the United States, including their rights under the Fourth Amendment to the United States Constitution.

58. Defendants engaged in activity that violated Plaintiffs' rights as protected under the Fourth Amendment to the United States Constitution.

59. By the actions detailed herein, including, but not limited to, the excessive force against Plaintiffs, Defendants deprived Plaintiff of his rights under the Fourth Amendment to the United States Constitution.

60. Through the conduct described above, Defendants interfered with Plaintiffs' exercise or enjoyment of rights secured by the laws and Constitution of the United States and the State of Maryland

61. Defendants and/or any other unnamed officers deprived Plaintiffs of their constitutional rights under the Fourth Amendment to the United States Constitution by subjecting them to excessive and unreasonable force.

62. Defendants and/or any other unnamed officers committed each of the wrongful acts alleged in this Complaint, and they committed these wrongful acts under the color and pretense of law, including statutes, ordinances, regulations, customs, and usages of the United States and the State of Maryland, and under the apparent authority as Special Agents for the Federal Bureau of Investigation.

63. At all times relevant hereto, Defendants and/or any other unnamed officers were, as part of their regular and official employment, officers of the Federal Bureau of Investigation.

64. Defendant United States is vicariously liable for the constitutional violations of their special agents.

65. These violations are compensable under *Bivens v. Five Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

66. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants, as well as those stated elsewhere herein, Plaintiffs were caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

## COUNT II
**(Violation of the 14th Amendment, Due Process – *Bivens* – as against all Defendants)**

67. Plaintiffs adopt and incorporate by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

68. This cause of action is brought by Plaintiffs against Defendants for the deprivation of their constitutional rights.

69. Defendants deprived Plaintiffs of rights and privileges secured by the Constitution and laws of the United States.

70. As a direct and proximate result of Defendants' unconstitutional acts, Plaintiffs suffered deprivations of their civil rights, mental and emotional damages, and financial damages.

71. Through the conduct described above, Defendants interfered with Plaintiffs' exercise or enjoyment of rights secured by the laws and Constitution of the United States.

72. This action arises under the United States Constitution, particularly under the provisions of the Fourteenth Amendment of the United States Constitution.

73. Defendants deprived Plaintiffs of their constitutional rights under the Fourteenth Amendment of the United States Constitution by depriving Plaintiffs of due process of law.

74. Defendants committed each of the wrongful acts alleged in this Complaint, and they committed these wrongful acts under the color and pretense of state law, including statutes, ordinances, regulations, customs, and usages of the United States and the State of Maryland, and under the apparent authority Special Agents for the Federal Bureau of Investigation.

75. At no time did Emory and Myasia Hughley cause or contribute to their arrest, seizure, or imprisonment.

76. Defendant United States is vicariously liable for the constitutional violations of its law enforcement officers.

77. These violations are compensable under *Bivens v. Five Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

78. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants, as well as those stated elsewhere herein, Plaintiffs were caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to

be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

## COUNT III
### (False Arrest – FTCA – as against Defendant United States)

79. Plaintiffs adopt and incorporate by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

80. Individual Defendants' conduct of confining and detaining Plaintiffs was done without just cause, probable cause, or other legal reason.

81. Individual Defendants' conduct of confining and detaining Plaintiffs, by using force against them by firing at them, amounted to falsely arresting Plaintiffs.

82. The conduct of Individual Defendants was extreme and outrageous and beyond the bounds of decency in society.

83. The conduct of Individual Defendants was malicious, willful, and intentional.

84. The above-described false arrests were an abuse of the privilege of detention, and Individual Defendants, acting within the scope of his/their employment, acted in detaining Plaintiff without the proper right to do so.

85. Plaintiffs were forced by agents, servants, officers, and employees of Defendant United States, through the actions of Individual Defendants, to submit to such arrest and detention, as well as the indignities and humiliations described above.

86. Individual Defendants failed to follow normal and accepted police practices and procedures in the false arrests of Plaintiffs.

87. Individual Defendants intentionally and unlawfully restrained Plaintiffs and deprived them of their liberty.

88. Plaintiffs did not consent to the restraint of their liberty.

89. The deprivation of Plaintiffs' liberty was without any legal justification and was done deliberately.

90. Defendants' aforesaid acts were undertaken deliberately.

91. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants, as well as those stated elsewhere herein, Plaintiffs were caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

## COUNT IV
### (False Imprisonment – FTCA – as against Defendant United States)

92. Plaintiffs adopt and incorporate by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

93. Individual Defendants restrained Plaintiffs' liberty by acts including, but not limited to, using force, by firing at them, and by physically taking hold of his person, and detaining them for questioning.

94. Individual Defendants' actions caused Plaintiff to be unlawfully deprived of his liberty.

95. Plaintiff did not consent to the deprivation of their liberty by Individual Defendants on either occasion.

96. Plaintiffs were conscious of and harmed by the unlawful restriction of their liberty on each occasion.

14

97. Individual Defendants' confinement of Plaintiffs was complete on each occasion.

98. Individual Defendants acted with the specific intent to deprive Plaintiffs of their physical freedom and liberty and to imprison them.

99. Individual Defendants had no legal authority to arrest Plaintiffs.

100. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants, as well as those stated elsewhere herein, Plaintiffs were caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

## COUNT V
**(Intention Infliction of Emotional Distress – FTCA – as against Defendant United States)**

101. Plaintiffs adopt and incorporate by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

102. Individual Defendants' tortious acts and egregious violations of Plaintiffs' constitutional rights are certain or substantially certain to result in severe emotional distress.

103. Individual Defendants' conduct in assaulting, falsely arresting and imprisoning Plaintiffs, and violating Plaintiffs' constitutional rights, was extreme and outrageous. Individual Defendants' conduct is beyond all possible bounds of decency and utterly intolerable in a civilized society.

104. Plaintiffs have suffered mental and emotional distress of a severe nature, as demonstrable by continuing physical and emotional symptoms.

105. There is a causal connection between Defendants' wrongful conduct and Plaintiffs' emotional distress.

106. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants, as well as those stated elsewhere herein, Plaintiffs were caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

## COUNT VI
**(Negligence – FTCA – as against Defendant United States)**

107. Plaintiffs adopt and incorporate by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

108. Defendant Special Agents Christopher Ray, Steve Gordon, and Matt Perry owed Plaintiffs a duty of care.

109. Individual Defendants breached that duty of care by unlawfully using physical force against Plaintiffs by firing up to ten rounds at them, without any cause or justification whatsoever.

110. Plaintiffs suffered damages as a direct result of Individual Defendants' breach of their duty of care.

111. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants, as well as those stated elsewhere herein, Plaintiffs were caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

## JURY DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

Respectfully submitted,

HANSEL LAW, PC


_____/s/_____
Cary J. Hansel (Bar No. 14722)
2514 N. Charles Street
Baltimore, Maryland 21218
Tel.: (301) 461-1040
Fax: (443) 451-8606
cary@hansellaw.com
*Counsel for Plaintiffs*